UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDSEY CHEEK | CIVIL ACTION |
| VERSUS | NO. 23-7106 |
| CONVEX INSURANCE UK LTD, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Convex Insurance Company UK Ltd.'s ("Convex") unopposed motion for summary judgment.[1] The Court grants the motion.

## I.   BACKGROUND

The Court has reviewed the record and determines the undisputed facts are as follows.  Plaintiff Lindsey Cheek had an insurance policy with Convex for her residential property at 70545 Riverside Drive, Covington, Louisiana starting on May 24, 2021.[2]  Cheek simultaneously had a flood insurance policy on the property with Bankers Specialty Insurance Company (Bankers).[3] Hurricane Ida damaged the property on August 29, 2021.[4]

---

[1]   R. Doc. 21.
[2]   R. Doc. 21-1, at 1.
[3]   *Id.*
[4]   *Id.*

On October 28, 2021, a representative of Fountain Group Adjusters mailed Cheek an assessment of the damage to her property, assessing the flood damage at $6,415.36.[5] Fountain Group Adjusters performed the inspection on behalf of Bankers.[6] Bankers paid Cheek $5,165.36 on November 17, 2021.[7]

Cheek sued Bankers and Convex in state court on August 25, 2023, asserting breach of insurance contract and bad faith handling of insurance claims.[8] The defendants removed the action to federal court on November 29, 2023.[9] Bankers and Cheek settled on September 26, 2024.[10]

Thereafter, Convex moved for summary judgment. Convex asserts that it did not breach the insurance contract, nor did it violate the Louisiana bad faith statutes because it did not receive notice of the claim until this litigation.[11]

The Court considers the motion below.

---

[5]    R. Doc. 1-2, at 3.
[6]    *Id.*
[7]    *Id.*
[8]    R. Doc. 1-2.
[9]    R. Doc. 1.
[10]   R. Doc. 9.
[11]   R. Doc. 20. Convex construed notice of this litigation as notice of the claim. Convex subsequently inspected the property on June 28, 2024 and paid Cheek $23,171.99 through her counsel for this litigation. R. Doc. 21-2, at 3.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court considers the evidence in the record without making credibility determinations or weighing the evidence.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party.  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).  If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact.  *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the

3

pleadings but must identify specific facts that establish a genuine issue for resolution.

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437. Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

**III.  DISCUSSION**

Here, Cheek asserts two claims: for breach of an insurance contract and for bad faith handling of insurance claims under Louisiana law. To establish either, Cheek must provide evidence that Convex received proof of loss. *See, e.g., Maldano v. Kiewit Louisiana* Company, 146 So. 3d 210, 218 (La. App. 1 Cir. 2014); *Rosen v. United Services Auto. Ass'n*, 104 So. 3d 633,

639 (La. App. 4 Cir. 2012); *Lee v. Sapp*, 234 So. 3d 122, 128 (La. App. 4 Cir. 2017).

In Louisiana, a breach of contract claim requires: 1) an obligation to perform; 2) a failure to perform; and 3) damages arising from the failure to perform. *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018). For the purposes of an insurance contract, failure to perform would be failure to pay despite a proper claim.[12] *See Whitehead v. Curole*, 277 So. 3d 409, 412 (La. App. 1 Cir. 2019); *see also* La. Rev. Stat. § 22:1973. The insurance contract between Cheek and Convex provides that there is "no duty to provide coverage" for a loss when there is a prejudicial failure to provide "[p]rompt notice to" Convex or its agent.[13]

Louisiana Revised Statute Sections 22:1892 and 22:1973 govern bad faith insurance claims under Louisiana law.[14] These penalty statutes are

---

[12]   R. Doc. 21-2.
[13]   R. Doc. 21-3, at 54.
[14]   La. Rev. Stat. § 22:1973 was repealed, and La. Rev. Stat. § 22:1892 was significantly amended, by Act No. 3 of the 2024 Regular Session, effective July 1, 2024. *See* Act No. 3 of the 2024 Regular Session, Senate Bill No. 232. However, in Louisiana, "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only." La. Civ. Code art. 6; *see Bourgeois v. A.P. Green Indus., Inc.*, 783 So. 2d 1251, 1257 (La. 2001). Because there was no legislative expression in the Act to make it retroactively applicable, and because Section 22:1973 is a substantive law, the Court makes an *Erie* guess that its repeal applies prospectively. As this case was filed in August

5

designed to "provide remedies to insureds whose insurance claims are improperly handled or to whom payment is unreasonably delayed." *Lee v. Sapp*, 234 So. 3d 122, 128 (La. App. 4 Cir. 2017).

To establish a cause of action under Section 22:1982, a claimant must show that "(1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009).

Section 22:1973 subjects the insurer to damages and additional penalties if (1) it receives satisfactory proof of loss, (2) it fails to pay a claim within sixty days after receiving the proof of loss, and (3) the failure was arbitrary, capricious, or without probable cause. La. Rev. Stat. § 22:1973(B)-(C) (2023).

Satisfactory proof of loss is proof that is "sufficient to fully apprise the insurer of the insured's claims." *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1119 (La. 2008) (quoting *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985)). The burden of proving the insurer received satisfactory proof of loss is on plaintiff.

---

2023 and removed in November 2023, Section 22:1973 and the prior version of Section 22:1982 still apply.

Because Cheek would have borne the burden of proof on proof of loss at trial, to defeat a motion for summary judgment, she must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *See Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). Cheek points to no competent summary judgment evidence to raise a genuine issue of material fact as to whether she provided Convex with proof of loss. There is nothing in the record that suggests that plaintiff provided *any* proof of loss to Convex, let alone a satisfactory proof of loss.

Convex submitted an affidavit of the claims coordinator who reviewed Convex's records and found "no evidence that a claim was submitted by or on behalf of [Cheek] under the Policy for Hurricane Ida . . . ."[15] There is no genuine dispute of material fact on the issue of proof of loss. Proof of loss is an essential element of all the nonmoving party's claims. *See Celotex*, 477 U.S. at 325. Absent proof of loss, plaintiff's breach of contract and bad faith insurance claims must fail. Convex is entitled to judgment as a matter of law.

For the reasons set forth above, the Court grants Convex's motion for summary judgment.

---

15    R. Doc. 21-4.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment.   The Court DISMISSES plaintiff's claims WITH PREJUDICE.

New Orleans, Louisiana, this 28th day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE