UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDSEY CHEEK | CIVIL ACTION |
| VERSUS | NO. 23-7106 |
| CONVEX INSURANCE UK LTD, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff Lindsey Cheek's 59(e) and 60(b) Motion for Reconsideration.[1] Defendant Convex Insurance Company UK Ltd. ("Convex") opposes the motion.[2] For the following reasons, the Court denies the motion.

## I.   BACKGROUND

Plaintiff Lindsey Cheek had an insurance policy with Convex for her residential property at 70545 Riverside Drive, Covington, Louisiana starting on May 24, 2021.[3] Cheek simultaneously had a flood insurance policy on the

---

[1]   R. Doc. 25.
[2]   R. Doc. 29.
[3]   R. Doc. 21-1, at 1.

property with Bankers Specialty Insurance Company (Bankers).[4] Hurricane Ida damaged the property on August 29, 2021.[5]

Cheek sued Bankers and Convex in state court on August 25, 2023, asserting breach of insurance contract and bad faith handling of insurance claims.[6] The defendants removed the action to federal court on November 29, 2023.[7] Bankers and Cheek settled on September 26, 2024.[8]

Thereafter, Convex moved for summary judgment.[9] Convex asserted that it did not breach the insurance contract, nor did it violate the Louisiana bad faith statutes because it did not receive notice of the claim until this litigation.[10] Cheek filed neither a motion for an extension of the submission date for summary judgment nor a response in opposition to the motion for summary judgment.

The Court considered the record and granted summary judgment for Convex.[11] The Court found no, and Cheek pointed to no, material capable of

---

[4]   *Id.*
[5]   *Id.*
[6]   R. Doc. 1-2.
[7]   R. Doc. 1.
[8]   R. Doc. 9.
[9]   R. Doc. 21.
[10]  R. Doc. 21. Convex construed notice of this litigation as notice of the claim. Convex subsequently inspected the property on June 28, 2024 and paid Cheek $23,171.99 through her counsel for this litigation. R. Doc. 21-2, at 3.
[11]  R. Doc. 23.

being made admissible in the record that established that Cheek provided proof of loss to Convex prior to this lawsuit, an essential element of her claims. The Court thus found that there was no genuine issue of material fact as to Cheek's provision of proof of loss to Convex and thus Convex was entitled to summary judgment as a matter of law.

Cheek now moves for the Court to reconsider and vacate its prior ruling granting Convex's motion for summary judgment.[12] Cheek asserts that the parties had mutually agreed upon an extension of the submission date for summary judgment and thus the Court's summary judgment decision was premature. Cheek further asserts that there is evidence that shows that Cheek submitted a proof of loss, and the Court therefore made a mistake of material fact. The Court considers the motion below.

## II.   LAW AND ANALYSIS

### A. Federal Rule of Civil Procedure 59(e)

A district court has considerable discretion to grant or deny a motion under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the

---

[12]   R. Doc. 25.

need to render just decisions on the basis of all the facts." *Id.* But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Under 59(e), courts do not "address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020).

The Fifth Circuit requires that the moving party show that the motion is necessary based on at least one of the following criteria: (1) an intervening change in the controlling law; (2) newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A manifest error is "an obvious error that is 'plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Wease v. Ocwen Loan Servicing, L.L.C.*, 852 F. App'x 807, 809 (5th Cir. 2021) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).

Here, there was no intervening change in the controlling law in the two days between the Court granting the motion for summary judgment and Cheek's 59(e) motion. Cheek also has not presented newly discovered evidence that was previously unavailable. While Cheek has included

4

evidence that was not previously before the Court, Cheek has not suggested, nor could she, that the evidence was previously unavailable. Courts are not to entertain "arguments that could have been but were not raised" on a 59(e) motion. *Banister*, 590 U.S. at 516. Thus, the only ground on which Cheek may raise her 59(e) motion is to correct a manifest error of law or fact.

The Court made no such manifest error. The Court carefully considered the evidence that was in the record on the submission date. Plaintiff now asserts that the Court erred in not considering other evidence that she alleges establishes that she provided proof of loss. This was not an error because it was impossible; none of that evidence was before the Court.[13] The Fifth Circuit has held that "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (affirming district court's granting of summary judgment for defendants and denial of plaintiffs' subsequent 59(e)). Here, like the plaintiffs in *Templet*, the underlying facts were well within Cheek's knowledge prior to the Court's entry of judgment, and Cheek failed to include

---

13   Attaching new documents to a 59(e) motion that were not before the Court at summary judgment does not mean that the Court failed to consider the evidence in the record, as the new documents were not in the record.

5

these materials "in any form of opposition or response to the Defendant's motion for summary judgment." *Id.*

The Court is not to consider new evidence that the moving party could have raised before the decision issued on a 59(e) motion. *Banister*, 590 U.S. at 508. Cheek attached 432 pages of exhibits to her 59(e) motion and submitted 295 pages of affidavits and exhibits two weeks later. None of this material is new to the plaintiff; all was within her possession or control when her response to the summary judgment motion was due and much has been in her control for more than four years, since Hurricane Ida made landfall in August 2021. The Court, thus, does not consider this additional material.

The Court notes that even if it were to consider the voluminous additions plaintiff has made to the record with the benefit of the defendant's motion, the Court's order, and additional time, none of it rejects defendant's premise in the original summary judgment motion that plaintiff did not file proof of loss. The emails Cheek repeatedly points to show that she contacted her insurance broker rather than Convex's agent. Cheek's belatedly filed affidavit states that she contacted her insurance representatives, not Convex.[14] Contacting her insurance broker is insufficient proof of loss. *See Dynamic Indus., Inc. v. Walaa Corp. Inc. So.*, 2023 WL 2474220, at *2 (5th

---

[14]   R. Doc. 27, at 2.

Cir. 2023) (noting that an insurance broker is an agent of the insured, not insurer). The email from her insurance broker underscores this, stating that the "most efficient and effective way to report a claim is directly to the carrier."[15] Even the voluminous additions do not show that the Court made a manifest error of fact in determining that Cheek did not submit a proof of loss to Convex.

In the alternative, plaintiff asserts that the Court made a manifest error by ruling on the summary judgment motion prematurely. The Court did not. The Court ruled on the summary judgment motion nearly two weeks after its submission date and more than a month after it was initially filed. Cheek did not inform the Court of her desired continuance of the submission date for the motion for summary judgment in the three weeks that passed after her response was due. Cheek points to no manifest error of fact or law on the record at the time that the Court entered summary judgment for Convex. Absent such a showing, there is no grounds for the Court to grant a motion under 59(e). The Court denies Cheek's 59(e) Motion.

### B. Federal Rule of Civil Procedure 60(b)

Under Rule 60(b), the court may relieve a party from final judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6)

---

[15] R. Doc. 25-8, at 1.

any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Here, Cheek asserts that her failure to either respond to the summary judgment motion with evidence or request an extension was excusable neglect under 60(b)(1). The Fifth Circuit applies the *Pioneer* standard to excusable neglect analysis. *D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 312 (5th Cir. 2022) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)). Under that standard, the Fifth Circuit looks to "the danger of prejudice [to the defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. As the party seeking relief, Cheek has the burden of establishing excusable neglect. *See D.R.T.G. Builders*, 26 F.4th at 312.

Plaintiff filed the 60(b) motion just two days after this Court entered its order and reasons on the summary judgment motion, so delay is not at issue, nor is plaintiff's good faith. The questions remaining are the danger of prejudice to the defendant and whether Cheek's reason for the inaction, including whether it was in her reasonable control, merits extraordinary

8

relief under 60(b)(1). *See Miller v. Ohio Sec. Ins. Co.*, 2025 WL 3034704, *2 (5th Cir. 2025).

Here, there is a significant danger of prejudice to the defendant in re-opening the proceedings. This case was filed in August 2023. Re-opening the case now would require resetting the trial and all other pending deadlines, including the expert report deadline, re-opening discovery, and issuing new subpoenas. The trial, which was previously scheduled for February, would certainly be delayed, extending again this lengthy litigation. There is a significant danger of prejudice to the defendant in re-opening the case.

Further, Cheek's reason for inaction does not merit extraordinary relief under 60(b)(1). Failure to file any evidence of proof of loss into the record or respond in any way was gross carelessness. "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co.,* 6 F.3d at 356. Filing a motion to extend the deadline for a response to summary judgment or a response to the motion were entirely within plaintiff's control. Defense counsel even informed plaintiff's counsel that she needed to file such a motion.[16] Plaintiff does not explain how or why she was unable to file an opposition or a simple

---

16    R. Doc. 29, at 7.

9

motion for an extension between the date the summary judgment motion was filed and the date her opposition was due. Plaintiff's counsel filed multiple motions in that time frame in other cases and made appearances in other courtrooms in this District.[17] Further, Cheek is herself an attorney who should understand the importance of filings with the court.[18] Granting 60(b)(1) relief on the grounds that it was excusable neglect to fail to make such a motion would be an abuse of this court's discretion. Indeed, the Fifth Circuit has held that "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness . . . ." *Id.* at 357.

Rule 60(b)(6) allows relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Fifth Circuit has "consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). That means that "an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015).

---

[17] R. Doc. 29, at 9.
[18] R. Doc. 21-10, at 1.

Cheek claims she is entitled to relief under Rule 60(b)(6) for the same reasons she claims she is entitled to relief under Rule 60(b)(1): it was excusable neglect to fail to respond to the summary judgment motion or request an extension and the Court failed to consider evidence that was not in the record. "This claim falls squarely within . . . Rule 60(b)(1)," *see id.* at 319-20, and Cheek "has not alleged a separate basis for relief under Rule 60(b)(6)," *see D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 313 (5th Cir. 2022). Even assuming, arguendo, that Cheek did allege a separate basis for relief, she has failed to show "extraordinary circumstances" that would result in manifest injustice. Thus, Cheek is not entitled to relief under Rule 60(b)(6).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to re-open the case and vacate the judgment.

New Orleans, Louisiana, this 19th day of December, 2025.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE